UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PHILLIS ARCHIPOLI, WILLIAM ARCHIPOLI, W.A., A Minor,
by his M/N/G PHILLIS ARCHIPOLI, and
LAWRENCE NEWCOMBE,

**CV10-1986**

COMPLAINT

Plaintiffs,

Docket No.

-against-

Jury Trial Demanded

CITY OF NEW YORK, CARL WATSON, and JOHN and JANE
DOE 1 through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

COGAN, J.

Defendants,

------------------------------------------------------------------X

Plaintiffs PHILLIS ARCHIPOLI, WILLIAM ARCHIPOLI, W.A., A Minor, by his M/N/G PHILLIS ARCHIPOLI, and LAWRENCE NEWCOMBE, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

**Preliminary Statement**

1.  Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE, also assert supplemental state law claims.

**JURISDICTION**

2.  This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff PHILLIS ARCHIPOLI is a forty year old American woman who resides in Staten Island, New York.

7. Plaintiff WILLIAM ARCHIPOLI is a thirty-nine year old disabled American man who resides in Staten Island, New York. Plaintiff WILLIAM ARCHIPOLI is wheelchair bound and suffers from muscular dystrophy.

8. Plaintiff W.A. is a seventeen year old American man who resides in Staten Island, New York. On the date of the incident W.A. was sixteen years old.

9. Plaintiff LAWRENCE NEWCOMBE is a thirty-two year old African American man residing in Staten Island, New York.

10. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

12. That at all times hereinafter mentioned, the individually named defendants CARL WATSON, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

13. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

15. On October 16, 2008, at approximately 5:30 a.m., the defendant NYPD police officers broke the front door of 219 Jefferson Street, Apt. 5C, Staten Island, New York, entered said apartment, and pointed firearms at plaintiffs.

16. The defendant officers grabbed plaintiff WILLIAM ARCHIPOLI around his neck and yelled at him in sum and substance, don't move or I'll shoot you.

17. The defendant officers placed handcuffs on the plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE.

18. The defendant officers pulled plaintiff NEWCOMBE up from the floor, escorted him to a bedroom at said location and subjected him to a humiliating and unlawful strip search. The defendants compelled plaintiff NEWCOMBE to pull down his pants and underwear, bend over at his waist and spread his buttocks with his hands.

19. The NYPD officers imprisoned plaintiff PHILLIS ARCHIPOLI and W.A. until later that day when they were released following their arraignments in Richmond County Criminal Court on baseless charges filed under docket numbers 2008RI010377, and 2008RI010378; said charges having been filed based on the false allegations of defendant WATSON. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

20. The NYPD officers imprisoned plaintiff LAWRENCE NEWCOMBE until he was arraigned in Richmond County Criminal Court on baseless charges filed under docket numbers 2008RI010379; said charges having been filed based on the false allegations of defendant WATSON. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

21. Defendant WATSON'S statements to the Richmond County District Attorney's office and to the Criminal Court caused plaintiff NEWCOMBE to be transported to and incarcerated on Riker's Island after his arraignment. Plaintiff NEWCOMBE was imprisoned on Riker's Island until approximately 4:00 a.m. on October 18, 2008 when he was released after posting bail. While on Riker's Island, plaintiff NEWCOMBE was subjected to filthy and otherwise deplorable conditions of confinement. Plaintiff NEWCOMBE was also frequently strip searched in view of other inmates.

22. Over the course of the next four months, the malicious prosecution compelled

4

plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE, to return to Court for approximately three appearances.

23.  On February 4, 2009, all of the purported charges levied against plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court.

24.  All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

25.  All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to discrimination against plaintiff NEWCOMBE due to his race and/or nationality.

26.  The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force; the proper way to execute search warrants and investigate an incident; how to treat innocent and/or uninvolved individuals who are found at a location of an execution of a search warrant; and when to strip search individuals who are found at a location of an execution of a search warrant.

27.  Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

28.  Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

29. As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

30. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiffs PHILLIS ARCHIPOLI, WILLIAM ARCHIPOLI, and W.A., and plaintiff LAWRENCE NEWCOMBE, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants arrested plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

38. Defendants caused plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

39. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff WILLIAM ARCHIPOLI'S constitutional rights.

41. As a result of the aforementioned conduct of defendants, plaintiff WILLIAM ARCHIPOLI was subjected to excessive force and sustained physical and emotional injuries.

7

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants strip searched plaintiff LAWRENCE NEWCOMBE in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

44. Defendants thereby caused plaintiff NEWCOMBE to be deprived of his right to be free from unlawful strip searches.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE.

47. Defendants caused plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE to be prosecuted without probable cause until the charges were dismissed on or about February 4, 2009.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

48. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants issued criminal process against plaintiffs PHILLIS ARCHIPOLI,

8

W.A., and LAWRENCE NEWCOMBE by causing their arrest and prosecution in Richmond County Criminal Court.

50. Defendants caused plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiffs' right to be free from malicious abuse of process.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

51. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in their presence by other officers.

53. The defendants failed to intervene to prevent the unlawful conduct described herein.

54. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, plaintiff WILLIAM ARCHIPOLI was subjected to excessive force, and plaintiff NEWCOMBE was subjected to an illegal strip search.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth

Amendment.

57. As a result of the foregoing, plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE were deprived of their liberty and right to substantive due process, causing emotional and physical injuries

## AS AND FOR A NINTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

58. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The defendants illegally strip searched plaintiff LAWRENCE NEWCOMBE because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

60. As a result of the foregoing, plaintiff NEWCOMBE was deprived of his rights under the Equal Protection Clause of the United States Constitution.

## AS AND FOR A TENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

61. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

63. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force, arresting individuals for mere presence at the location of the execution of a search warrant, and arresting citizens without probable causes and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

11

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

69. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE were unlawfully arrested, illegally searched, maliciously prosecuted, and plaintiff WILLIAM ARCHIPOLI was subjected to excessive force.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

71. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from excessive force;

    D. To be free from unlawful strip searches;

    E. To be free from the failure to intervene;

    F. To be free from malicious prosecution;

    G. To be free from malicious abuse of process;

    H. To receive equal protection under law.

72. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

73. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Within ninety (90) days after the claim herein accrued, plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

75. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

77. Plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE have complied with all conditions precedent to maintaining the instant action.

78. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

79. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Defendants arrested plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE without probable cause.

81. Plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE were

13

detained against their will for an extended period of time and subjected to physical restraints.

82. As a result of the aforementioned conduct, plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE were unlawfully imprisoned in violation of the laws of the State of New York.

83. As a result of the aforementioned conduct, plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

84. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE.

86. Defendants caused plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE to be prosecuted without probable cause until the charges were dismissed on or about February 4, 2009.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

87. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants issued criminal process against plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE by causing them to be arrested, arraigned and prosecuted in criminal court.

89. Defendants caused plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE

NEWCOMBE to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

90. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

92. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

93. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

94. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

95. As a result of the aforementioned conduct, plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

96. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs PHILLIS ARCHIPOLI, W.A., and

15

LAWRENCE NEWCOMBE.

98. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

99. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

101. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. Plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

103. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

105. As a result of the foregoing, plaintiffs PHILLIS ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 30, 2010

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)
>
> Attorneys for Plaintiffs PHILLIS ARCHIPOLI, WILLIAM ARCHIPOLI, W.A., and LAWRENCE NEWCOMBE

17